## Wise v. Kenely

*Bernard M. Billick*, for appellants.
*Ronald J. Mishkin*, for appellees.

WILLIAMS, P.J., December 17, 1974.—Daniel R. Wise and Phyllis Y. Wise, his wife, applied for a zoning permit for the use of their property situated in Pocono Township for a proposed commercial recreational facility in an R-2 zone. On October 28, 1974, the zoning officer issued a permit for the construction of a snow-mobile race track, attaching thereto certain conditions. On November 6, 1974, William Kenely and Crescent Lake Property Owners Association appealed. On petition of the applicants for the zoning permit, this court, after hearing, required appellants to enter a bond in the sum of $15,000 under the provisions of the Act of July 31, 1968, P. L. 805, Art. IX, sec. 916, 53 PS §10916. There is now before the court a petition by appellants requesting the court to stay all development of the land pending determination of the appeal.

## DISCUSSION

Section 916 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805, 53 PS §10916, provides, inter alia:

"Upon filing of any proceeding referred to in section 914 and during its pendency before the board all land development pursuant to any challenged ordinance, order or approval of the zoning officer or of any agency or body, and all official action thereunder shall be stayed unless the zoning officer or any other appropriate agency or body certifies to the board facts indicating that such stay would cause imminent peril to life or property, in which case the development or official action shall not be stayed otherwise than by a restraining order, which may be granted by the board or by the court having jurisdiction of zoning appeals on petition after notice to the zoning officer or other appropriate agency or body."

There has been no certification by anyone that a stay would cause imminent peril to life or property. The act specifically states that during the pendency of the appeal before the board, all land development shall be stayed. In view of the mandatory language of the statute, we enter the following

## ORDER

And now, December 17, 1974, the petition for supersedeas is granted and it is ordered that all land development comprehended 'in the permit dated October 28, 1974, issued by the Zoning Officer of Pocono Township to Daniel R. Wise and Phyllis Y. Wise, his wife, is stayed during the pendency of the appeal before the zoning board.